FILED

OCT - 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVE EDWARDS )
13128 Wonderland Way )
Germantown, MD 20874, )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　v. )  Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　　　　　)
DISTRICT OF COLUMBIA )
 METROPOLITAN POLICE DEPARTMENT, )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　and )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
Chief of Police Charles H. Ramsey, )　　CASE NUMBER   1:05CV01965
　　Chief Executive Officer )
　　Metropolitan Police Department, )　　JUDGE: Rosemary M. Collyer
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　and )　　DECK TYPE: Employment Discrimination
　　　　　　　　　　　　　　　　　　　　　　　　　　)
GOVERNMENT OF THE )　　DATE STAMP: 10/ /2005
  DISTRICT OF COLUMBIA, )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
Anthony A. Williams, Mayor, )
Government of the District of Columbia )
John A. Wilson Building )
1350 Pennsylvania Avenue, N.W. )
Washington, DC 20004 )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　　　　　　　　)

## COMPLAINT
(Employment Discrimination)

### Introduction

1.　　This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the D.C. Human Rights Act and the Americans with Disabilities Act of 1990, § 3(2)(C), 42 U.S.C.A.

§ 12102(2)(C) to remedy acts of employment discrimination against plaintiff when he was terminated from his position with the District of Columbia Metropolitan Police Department.

### Jurisdiction

2. This Court has subject matter jurisdiction over the claims of retaliation raised herein pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, Americans with Disabilities Act (ADA) of 1990, § 3(2)(C), 42 U.S.C.A. § 12102(2)(C), and the District of Columbia Human Rights Act. In regard to his Title VII and ADA claims, plaintiff exhausted his available administrative remedies by virtue of the fact that June 22, 2004, plaintiff lodged a "Charge of Discrimination" containing the allegations of retaliation made herein with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"). Unable to obtain facts sufficient to determine the accuracy of the charge, on July 5, 2005, the EEOC's Washington Field Office dismissed the Charge and issued to plaintiff a "Notice of Right To Sue Within 90 Days" with respect to these same allegations, which notice he received in the mail on or about July 8, 2005.

### Venue

3. Venue is proper in the District of Columbia as the action arose and the plaintiff's personnel records at the University of the District of Columbia are maintained in this judicial district.

### Parties

4. Plaintiff Steve Edwards, was born in Jamaica. He is a citizen of the United States and a resident of the State of Maryland. He was employed by the District of Columbia Metropolitan Police Department from June 3, 2002 until his involuntary discharge on March 26,

2004.

6. Defendant District of Columbia Metropolitan Police Department is the primary law enforcement agency for the District of Columbia.

7. Chief of Police Charles H. Ramsey serves as the Chief Executive Officer of the department. As such, he is responsible and accountable for all activities involving the Metropolitan Police Department and establishes professional standards. Chief Ramsey is sued in his official capacity only.

8. Defendant Government of the District of Columbia is the parent agency of the Defendant District of Columbia Metropolitan Police Department.

9. Mayor Anthony A. Williams is the Mayor of the District of Columbia. As such, he is responsible and accountable for all activities involving the Government of the District of Columbia and any sub-agencies. He is responsible for establishes and maintaining professional standards. Mayor Williams is sued in his official capacity only.

## Statement of Facts

10. On June 3, 2002, plaintiff was hired by the District of Columbia Metropolitan Police Department as a probationary agenct. He was placed under the supervision of Sergeant Sehrman Langford who stated that Jamaicans are crazy and treated him differently than other officers assigned to his academy class.

11. On March 26, 2003, plaintiff, who has no history of mental illness and no disqualifying psychological or psychiatric condition, was instructed to report for a psychological examination. Following the examination, plaintiff was told that he was not medically able to return to full or limited duty. He was placed in a non-contact duty status from April 2003 until

March 2004.

12. On March 8, 2004, plaintiff was sent for a second psychological examination which determined that he has no history of mental illness and no disqualifying psychological or psychiatric condition.

13. On March 12, 2004, plaintiff graduated from his academy class and became a police officer. However, on March 26, 2004, without notice or reason, he was discharged from his employment with the District of Columbia Metropolitan Police Department.

## STATEMENT OF CLAIMS

14. In discharging plaintiff from his employment with the District of Columbia Metropolitan Police Department without notice or cause, defendants discriminated against him based upon his race, national origin and a perception that he has a disability.

15. As a result of defendants' discriminatory actions, plaintiff has suffered and continues to suffer damage to his professional reputation and his career, humiliation and emotional pain and anguish, and loss of earnings.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court order the following relief:

(a) enter judgment for plaintiff against defendant for its discriminatory treatment of plaintiff;

(b) award plaintiff compensatory damages against defendant in the amount of $1,000,000.00, plus interest thereon;

(c) order defendant to reinstate retroactively plaintiff to his position as a police officer with the District of Columbia Metropolitan Police Department; with all rights, pay, benefits and privileges attendant thereto;

(d)   expunge all negative documents from plaintiff's employment records maintained by defendant;

(e)   enjoin defendant from future retaliation against plaintiff;

(f)   award plaintiff his costs of this action, the administrative complaints that preceded it and the necessary appeal taken to date, including reasonable attorneys' fees, with interest thereon; and

(g)   award such other and further relief as in the opinion of this Court the interests of justice may require.

### Jury Demand

Plaintiff hereby requests a trial by jury with respect to all issues raised by this complaint.

Respectfully submitted,

Richard L. Swick
D.C. Bar No. 936931
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300
Attorneys for Plaintiff