UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Steve Edwards,

    Plaintiff,

    v.

District of Columbia
Metropolitan Police Department, *et al.*,

    Defendants.

C.A. No.: 05-1965 (RMC)

### DEFENDANTS METROPOLITAN POLICE DEPARTMENT, CHIEF CHARLES H. RAMSEY, MAYOR ANTHONY A. WILLIAMS AND THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, the District of Columbia, the Metropolitan Police Department, Charles H. Ramsey, and Mayor Anthony Williams, by and through counsel respectfully move this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an Order dismissing plaintiff's complaint against them on the following grounds:

1. The Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983.

2. The plaintiff has not alleged sufficient facts to state a claim under the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*

3. Plaintiff cannot maintain an action against the District of Columbia under the District of Columbia Human Rights Act ("DCHRA") because he has failed to plead a cognizable disability under the DCHRA.

4. The Metropolitan Police Department is *non sui juris*.

5. Plaintiff's Complaint against Mayor Anthony Williams and Chief Charles H. Ramsey is an official-capacity suit and must be dismissed as duplicative.

In support thereof, defendant refers this Court to the attached memorandum of points and authorities.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General, Civil Litigation Division

                    _____/s/_____
                    PATRICIA A. JONES [428132]
                    Chief, General Litigation, Section IV

                    _____/s/_____
                    LETICIA L. VALDES [0461327]
                    LEAH BROWNLEE TAYLOR [488966]
                    Assistant Attorney General
                    441 4th Street, N.W.
                    Sixth Floor South
                    Washington, D.C. 20001
                    (202) 442-9845; (202) 724-7854; (202) 727-6295

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Steve Edwards,

  Plaintiff,

 v.

District of Columbia
Metropolitan Police Department, *et al.*,

  Defendants.

C.A. No.: 05-1965 (RMC)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**Preliminary Statement**

  Plaintiff filed the instant action on October 4, 2005, against the Metropolitan Police Department, Chief Charles H. Ramsey, Mayor Anthony A. Williams and the District of Columbia. Plaintiff alleges that on June 3, 2002, he was hired as a probationary agent by the Metropolitan Police Department under the supervision of Sergeant Sehrman Langford. Complaint at ¶ 10. According to the plaintiff, Sergeant Langford stated that Jamaicans are crazy and treated him differently than other officers assigned to plaintiff's academy class. *Id.* Plaintiff further alleges that on March 26, 2003, he was instructed to report for a psychological examination. Complaint at ¶ 11. After the examination, plaintiff claims that he was told that he was not medically able to return to full or limited duty and was placed in a non-contact duty status from April 2003, until March 2004. *Id.*

  The plaintiff then alleges that on March 8, 2004, he was sent for a second psychological examination. Complaint at ¶ 12. According to the plaintiff, this examination determined that he has no history of mental illness and no disqualifying psychological or psychiatric condition. *Id.*

Thereafter, plaintiff claims that he graduated from his academy class on March 12, 2004, but that, without notice or reason, he was discharged from his employment with the Metropolitan Police Department on March 26, 2004. Complaint at ¶ 13. Plaintiff contends that on June 22, 2004, he filed a "Charge of Discrimination" containing allegations of retaliation with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"). Complaint at ¶ 2. According to the plaintiff, on July 5, 2005, the EEOC issued a "Notice of Right to Sue Within 90 Days" and said notice was received by the plaintiff on or about July 8, 2005. *Id.* Plaintiff now brings this action against the named Defendants.

## Standard for Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

**Argument**

I. **Plaintiff has failed to allege sufficient facts to maintain a claim against the District of Columbia under 42 U.S.C. § 1983.**

Plaintiff claims that the District of Columbia is liable for the events set forth in his complaint. The District of Columbia cannot be held liable for the alleged constitutional violations of its employees. Municipal liability under 42 U.S.C. § 1983, is severely limited. *See Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability results only when the municipality itself can be directly charged with fault for an unconstitutional deprivation. *See Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1985); and *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979), holding courts must address the threshold issue in any action brought under § 1983: "whether the plaintiff has alleged the deprivation of an actual constitutional right at all." Therefore, municipal liability results only when the policy or custom fairly attributable to the municipality is the "moving force" behind the particular constitutional violation. See Polk County v. Dodson, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694).

A single instance of unconstitutional activity unrelated to policy is insufficient to impose liability against a municipality under *Monell. See Id; but also see Pembauer v. City of Cincinnati* 475 U.S. 469 (1988) (single act related to policy made by final decision maker may provide basis for cause of action). In the case at bar, plaintiff has failed to allege that the complained of incident was the result of some policy or was so repeated and widespread to result in a practice of the District of Columbia. Plaintiff's allegations, as they presently stand, only complain of one single, isolated incident that, even assuming its truth, does not give rise to policy or practice cognizable as a constitutional violation. Plaintiff failed to plead, nor can he establish, that the

3

incident he complains of was the result of the District's customs, practices, and policies. There is no factual allegation that policymakers or final decision makers for the District acted with deliberate indifference, or that there exists a widespread discriminatory practice attributable to the District that caused plaintiff's harm. *See* Complaint, generally. *See also, Triplett v. D.C.,* 108 F.3d 1450 (D.C. Cir. 1997). The claims against the District must therefore be dismissed.

**II.**     **The plaintiff's Complaint fails to state a claim on which relief can be granted under the Americans with Disabilities Act.**

To state a claim for failure to provide reasonable accommodation under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12111, *et seq.*, a plaintiff must allege that: (1) he is individual with a disability within the meaning of the ADA; (2) his employer had notice of his disability; (3) with reasonable accommodation the plaintiff could perform the essential functions of the position; and (4) his employer refused to make such accommodations. *Collier v. Milliken & Co.*, 47 Fed. Appx. 645, 645-46 (4th Cir. 2002) (citing *Rhoads v. FDIC*, 257 F.3d 373, 387, n.11 (4th Cir. 2001).

Here, the plaintiff fails to allege the necessary elements for an ADA claim. First, the plaintiff fails to set forth factual allegations that support that he is disabled within the meaning of the ADA. Plaintiff also does not allege that the Metropolitan police Department had notice of his disability. Lastly, plaintiff presents no allegation that the Metropolitan Police Department refused to provide him with a reasonable accommodation. *See* Complaint, generally. As such, plaintiff states no actionable claim under the American with Disabilities Act against the herein named defendants.

**III.     Plaintiff cannot maintain an action against the District of Columbia Under the D.C. Human Rights Act.**

The District of Columbia Human Rights Act (DCHRA) makes it an unlawful discriminatory practice for an employer to discharge an employee wholly or partially for a discriminatory reason based upon an actual or perceived disability. *See* D.C. Official Code Ann. § 2-1402.11(a) (2001). To establish a prima facie case, the plaintiff must demonstrate that (1) he has a disability within the meaning of the District of Columbia Human Rights Act; (2) he was qualified for the position in question; (3) he suffered an adverse personnel action; and (4) the adverse action occurred under circumstances that give rise to an inference of unlawful discrimination. The District of Columbia Human Rights Act (DCHRA) defines "**disability**" as a physical or mental impairment that substantially limits one or more of the major life activities of an individual having a record of such an impairment or being regarded as having such an impairment. *See* D.C. Code Ann. § 2-1402.11, *et seq. See also, Price v. Washington Hospital Center,* 321 F. Supp. 2d 38, 47 (D.C. Cir. 2004).

Plaintiff avers that he has no history of mental illness and no disqualifying psychological or psychiatric condition, and that his mental examination conducted at the request of defendant revealed the same. See Complaint. Plaintiff's failure to set forth a disability recognized under the DCHRA requires dismissal against the herein-named defendants.

**IV.     The Metropolitan Police Department is *Non Sui Juris*.**

It is well-established that agencies of the District of Columbia are not suable entities. *Arnold v. Moore*, 980 F. Supp. 28 (D.D.C. 1997) (citing *Roberson v. District of Columbia Bd. of Higher Ed.*, 359 A.2d 26, 31 n.4 (D.C. 1976); *Miller v. Spence*, 330 A.2d 250, 251 n. 1 (D.C. 1974)); *Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20 (D.D.C.

5

1992). Because the Metropolitan Police Department is not an independent corporate body, it is *non sui juris*. As such, all claims against the Metropolitan Police Department must be dismissed.

## V.  The plaintiff's action against Mayor Anthony Williams and Chief Charles H. Ramsey is an official capacity suit and must be dismissed.

Plaintiff has sued defendant Mayor Anthony Williams and Chief Charles H. Ramsey in their official-capacity only. *See* Complaint, generally. There are no specific allegations set forth in plaintiff's Complaint that defendants Williams and Ramsey had any personal knowledge about or involvement in plaintiff's claims. *See* Complaint, generally. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159 (1985). Mayor Williams and Chief Ramsey are not proper defendants in this case because plaintiff does not allege any personal knowledge or involvement by Mayor Williams or Chief Ramsey, and the District is already a party defendant in this litigation. Accordingly, dismissal against these defendants is appropriate.

## Conclusion

Plaintiff failed to allege sufficient facts to maintain a claim under 42 U.S.C. § 1983, or under the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* Further, plaintiff cannot maintain an action against the District of Columbia under the District of Columbia Human

6

Rights Act pursuant to D.C. Official Code § 2-1103.03, as he has failed to set forth a cognizable disability under the ADA or DCHRA.  Lastly, the Metropolitan Police Department is *non sui juris*, and plaintiff's action against defendants Mayor Anthony Williams and Chief Charles H. Ramsey is an official-capacity suit and must be dismissed.  As such, defendants seek dismissal of plaintiff's lawsuit as a matter of law.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        _____/s/_____
        LETICIA L. VALDES [0461327]
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9845; (202) 724-7854; (202) 727-6295

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Steve Edwards,<br><br>         Plaintiff,<br><br>    v.<br><br>District of Columbia<br>Metropolitan Police Department , *et al.*,<br><br>         Defendants. | C.A. No.: 05-1965 (RMC) |

### ORDER

Upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint, Memorandum of Law, plaintiff's response thereto, if any, and the record herein, it is this _____ day of _____, 2005,

ORDERED:   that Defendants' Motion to Dismiss is hereby GRANTED for the reasons set forth in their motion, and it is,

FURTHER ORDERED: that plaintiff's Complaint is dismissed with prejudice.

_____
Judge Rosemary M. Collyer