UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVE EDWARDS,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>METROPOLITAN POLICE<br>DEPARTMENT, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1965 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On March 2, 2006, the Court issued an Order directing Plaintiff Steve Edwards, who it presumed had chosen to proceed *pro se*, to respond to Defendants' Motion to Dismiss by April 17, 2006. That Order explained:

> On October 4, 2005, Plaintiff Steve Edwards, through counsel, filed a complaint against Defendants the Metropolitan Police Department ("MPD"), Police Chief Charles Ramsey, the District of Columbia, and Mayor Anthony Williams, alleging that he was unlawfully discharged from employment with the MPD based on his race, national origin, and a perception that he has a disability. On November 14, 2005, Defendants filed a Motion to Dismiss.
>
> On December 30, 2005, Mr. Edwards's counsel, Richard L. Swick, filed a motion to withdraw his appearance, stating that Mr. Edwards has failed to maintain contact with him, making his continued representation impossible. This motion, if granted, would leave Mr. Edwards without representation. Mr. Swick's motion to withdraw indicates that it was served on Mr. Edwards, and it advises Mr. Edwards to either obtain new counsel or, within 5 days, notify the Clerk that he objects to withdrawal or intends to proceed *pro se*. In the two months since, Mr. Edwards has not responded, new counsel has not entered an appearance on his behalf, and there has been no

> activity in this case. The Court therefore presumes that Mr. Edwards is proceeding *pro se*. Still pending before the Court is Defendants' Motion to Dismiss.

Order of March 2, 2006, at 1-2 [Dkt. #5]. In view of this background, the Court went on to advise Mr. Edwards as follows:

> In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

Order of March 2, 2006, at 2. To date, Mr. Edwards has not responded, and there has been no activity in this case since. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Dkt. #2] is **GRANTED** as conceded pursuant to Local Civil Rule 7(b); and it is

**FURTHER ORDERED** that this case shall be **DISMISSED** without prejudice and removed from the docket of this Court. This is a final, appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.

Signed: June 14, 2006

/s/
ROSEMARY M. COLLYER
United States District Judge

Copy to:
Steve Edwards
13128 Wonderland Way
Germantown, MD 20874